FILED

MAY 26 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEREK SUZUKI,

          Plaintiff - Appellant,

   v.

HITACHI GLOBAL STORAGE
TECHNOLOGIES, INC.,

          Defendant - Appellee.

No. 10-15831

D.C. No. 3:06-cv-07289-MHP

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Submitted May 13, 2011[**]
San Francisco, California

Before: W. FLETCHER and N.R. SMITH, Circuit Judges, and MILLS, Senior
District Judge.[***]

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Richard Mills, Senior District Judge for the U.S. District Court for Central Illinois, Springfield, sitting by designation.

Counsel for Derek Suzuki appeal the district court's calculation of attorneys' fees pursuant to Federal Rule of Civil Procedure 23(h) and California law. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

The district court correctly began with the lodestar method of calculating attorneys' fees and then permissibly used the percentage of common fund cross-check to arrive at a reasonable fee award under California law. *In re Consumer Privacy Cases*, 96 Cal. Rptr. 3d 127, 136-37 (Ct. App. 2009).[1]

The district court's finding that the settlement was worth nothing to class was not illogical, implausible, or unsupported by the record. *See United States v. Hinkson*, 585 F.3d 1247, 1261-62 (9th Cir. 2009) (en banc). The agreed-upon disclaimers gave no value to class members, who had already purchased the hard drives.

The district court did not err by including costs and attorneys' fees in one award. Suzuki cites no cases requiring a district court to differentiate between attorneys' fees and costs. Further, Suzuki agreed to a settlement that did not differentiate between attorneys' fees and costs. "'*If an agreement is reached on the amount of a settlement fund and a separate amount for attorney fees and*

---

[1] California state law governs the question of attorneys' fees, because the underlying causes of action are based on state law. *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002).

*expenses*, both amounts must be disclosed to the class. Moreover, the sum of the two amounts ordinarily should be treated as a settlement fund for the benefit of the class, with the agreed-on fee amount constituting the upper limit on the fees that can be awarded to counsel.'" *Consumer Privacy Cases*, 96 Cal. Rptr. 3d at 133 (quoting the Manual for Complex Litigation (4th ed. 2008) § 21.71, p. 525).

Because the district court did not abuse its discretion in applying the percent of common fund cross-check, the panel does not reach Appellant's challenge of the use of .69 multiplier in the revised lodestar, as the district court did not ultimately rely on the lodestar number.

**AFFIRMED**.